Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York  10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                             Chapter 11

     307 Assets LLC,                                  Case no.  23-10027 (JPM)

                            Debtor.
----------------------------------------------------------x

## NOTICE OF HEARING

        PLEASE TAKE NOTICE, a hearing will be held on March 1, 2023 at 10:00 a.m. (the "Hearing") before the Honorable John P. Mastando III, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004 to be conducted telephonically through Zoom.gov to consider the annexed application of 307 Assets LLC ("Debtor") under sections 105(a), 363, 365 and 1125 of title 11 of the United States Code and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure for the entry of an order approving the Debtor's disclosure statement ("Disclosure Statement") and approving sale procedures in connection with the proposed sale under the Debtor's proposed plan of reorganization ("Plan").  Participants are required to register their appearance by 4:00 PM one business day before any scheduled Zoom® hearing with the Court's eCourt Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

        PLEASE TAKE FURTHER NOTICE, that copies of the Disclosure Statement and Plan are filed with the Clerk of Court and available upon request made to the undersigned.

PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing, served upon the undersigned, and filed with the Clerk of the Bankruptcy Court, with a courtesy copy to the Honorable John P. Mastando III's chambers, so as to be received at least seven (7) days prior to the Hearing date.

Dated: New York, New York
January 24, 2023

BACKENROTH FRANKEL & KRINSKY, LLP

By: s/ Mark Frankel
800 Third Avenue
New York, New York 10022
(212) 593-1100

Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York 10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                         Chapter 11

    307 Assets LLC,                               Case no. 23-10027 (JPM)

                         Debtor.
----------------------------------------------------------x

## MOTION FOR DISCLSOURE STATEMENT AND SALE PROCEDURES APPROVAL

        307 Assets LLC (the "Debtor"), as and for its motion ("Motion") pursuant to sections 105(a), 363, 365 and 1125 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the Debtor's Disclosure Statement ("Disclosure Statement") and approving sale procedures (the "Sale Procedures") in connection with the proposed sale under the Debtor's proposed plan of reorganization ("Plan") of the property at 307-309 Sixth Avenue, New York, New York 10022 (the "Property"), respectfully represent as follows:

### BACKGROUND

        1.     On January 9, 2023, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

        2.     The Debtor is the owner of the real property at 307-309 Sixth Avenue, New York, New York 10022 (the "Property").

3. The Property is a vacant development site.

4. The value of the Property, as estimated by the Debtor in its Chapter 11 schedules is $14,500,000.

5. 307-309 Sixth Avenue LLC (the "First Mortgagee") holds a judgment of foreclosure and sale entered on June 6, 2022 in an action entitled 307-309 Sixth Avenue LLC v. 307 Assets LLC; et al. in the Supreme Court of the State of New York, New York County, Index No.: 850138/2020 (the "Foreclosure Judgment"). The total amount due under the Foreclosure Judgment as of the January 9, 2023 filing date is $15,077,472

6. Sei Insieme LLC (the "Second Mortgagee") asserts a second mortgage in the amount of $7,500,000.

7. The Property is also subject unpaid New York City real estate tax and other liens in the amount of approximately $83,366.

8. Secured claims total approximately $22,660,838. The Debtor is aware of general unsecured claims totaling about $38,500.

9. Recognizing that the Property was underwater, George Filoupolos, the Debtor's beneficial owner agreed not to contest the foreclosure and to transfer ownership to an entity friendly to the Mortgagee. In June 2022, he thus transferred the Debtor's sole membership interest from Emilio Holdings LLC to 307-309 Sixth Owner LLC.

10. After the Foreclosure Judgment was entered, the referee scheduled a sale for December 14, 2022.

11. On December 13, 2022, the Second Mortgagee filed a Chapter 11 petition and on December 14, 2022, the Bankruptcy Court stayed Foreclosure Judgment sale. Except for some routine filings, the Second Mortgagee's bankruptcy has since been dormant.

12. This case was primarily filed to effectuate an orderly sale of the Property with marketing pursuant to a Chapter 11 plan to ensure a fair recovery for all parties in interest, including the Second Mortgagee.

## **RELIEF REQUESTED HEREIN**

13. By this Motion, the Debtor seeks approval of its Disclosure Statement and of the sale procedures annexed as Exhibit A to the Plan so that a sale of the Property can be approved at the confirmation hearing and consummated shortly thereafter.

14. The proposed sale procedures are as follows:

<u>Time and Place of Sale</u>: The Sale will be held on _____, 2023 at ____ __ m. at the offices of Backenroth Frankel & Krinsky, LLP, 800 Third Avenue New York, New York 10022, or such other location as may be announced before the Sale.

<u>Sale Pursuant to Chapter 11 Plan</u>: The seller of the Property is 307 Assets LLC (the "Debtor").

<u>Sale free and Clear of Liens</u>: The Sale of the Property shall be free and clear of liens, claims, and encumbrances, with any such liens, claims and encumbrances to attach to the sale proceeds, and disbursed pursuant to order of the Bankruptcy Court.

<u>Qualification to Bid</u>: In order to be qualified to bid on the Property, within seven days prior to the commencement of the Sale, each prospective bidder must deliver to the Debtor (a) a bank check in the amount of $750,000 ($750,000.00) (the "Qualifying Deposit") payable to "Backenroth Frankel & Krinsky, LLC, as Attorneys" (b) evidence reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed, and (c) a written offer to purchase substantially in the form annexed hereto. No later than one business day before the Sale, each bidder will be notified by the Debtor as to whether the Debtor deems such bidder qualified to bid at the Sale.

Bidding: Bidding shall be conducted openly at the Sale.  The opening bid shall be
_____ ($_____).  Minimum bidding increments shall be Ten Thousand Dollars ($50,000.00).

Successful Bidder Additional Deposit: At the Sale, once a bidder is determined to have made the highest or best bid for the Property at the Sale (the "Successful Bidder"), bidding shall be deemed closed and no additional bids will be considered.  Within one business day after the Successful Bidder is determined, the Successful Bidder shall be required to increase the Qualifying Deposit to an amount equal to ten percent of the winning bid, which amount shall serve as a good faith deposit against payment of the Purchase Price.  At the conclusion of the Sale, the Debtor's counsel will return the Qualifying Deposits to all other bidders except the second highest bidder (the "Backup Bidder").

Hearing to Approve Sale:  A sale approval hearing will be conducted by the Bankruptcy Court on the ___ day of _____, 2023 _____, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004 (the "Sale Hearing").

Sale Approval Order:  The order approving the sale shall contain the following findings of fact and conclusions of law: (a) that the terms and conditions of the Sale are fair and reasonable, (b) that the Sale and the Purchaser's purchase of the Property is non-collusive, fair and reasonable and was conducted openly and in good faith, (c) that the transfer of the Property to the Purchaser represents an arm's-length transaction and was negotiated in good faith between the parties, (d) that the Purchaser, as transferee of the Property, is a good faith Purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m), (e) the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers, (f) that no cause of action exists against the Purchaser or with respect to the sale of the Property to the Purchaser under Bankruptcy Code § 363(n), and (g) that any claims under Bankruptcy Code § 363(n) or any other claims as against the Purchaser are released, waived and discharged.

Closing:  The Successful Bidder must pay the balance of the Purchase Price for the Property (the difference between the amount of the successful bid and the Qualifying Deposit) to the Debtor, by bank check, or wire transfer at the closing of title to the Property (the "Closing").  The Successful Bidder must close title to the Property at a date that is no more than fifteen (15) days after the Order by the Bankruptcy Court is entered, TIME BEING OF THE ESSENCE.

Transfer Tax:  Purchaser shall be responsible for payment of any applicable document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, or other similar tax or governmental assessment including without limitation New York State Documentary Tax.

Damages for Failure to Close:  Time is of the Essence as against the Successful Bidder and the failure of the Successful Bidder to either timely pay the additional Qualifying Deposit or timely close for any reason whatsoever (except as otherwise provided below) including its failure to pay

4

the balance of the Purchase Price on the Closing Date, will result in the Debtor retaining the deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the Property under these Terms and Conditions of Sale. The Successful Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the Debtor's inability to deliver a bargain and sale deed to the Property. Expenses incurred by the Successful Bidder, or any competing bidder relating to any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder, and under no circumstances shall the Debtor or the Debtor's professionals be responsible for, or pay, such expenses.

Backup Bidder: In the event that the Successful Bidder for the Property fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these Terms and Conditions of Sale, the Debtor, at its sole option, shall be authorized to sell the Property to the Second Highest Bidder without any further notice without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor deems appropriate. Should the Second Highest Bidder fail to close on the Property, within such time as the parties may agree but not to exceed thirty (30) days after notice from the Debtor to the Second Highest Bidder, the Debtor shall be authorized to sell the Property to the next highest or best bidder, without the necessity of any further notice. All bidders will be bound by these Terms and Conditions of Sale, including, without limitation, those items set forth in the paragraphs above, except that the Second Highest Bidder must close within thirty (30) days of notification that his bid is accepted. TIME IS OF THE ESSENCE.

No Representations: the Debtor and the Debtor's professional have not made and do not make any representations as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property or the Sale, which might be pertinent to the purchase of the Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the present and future condition and operating state of any and all machinery or equipment on the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal property on the Property; (viii) the presence or absence of any laws, ordinances, rule or regulations issued by any governmental authority, agency or board and any violations thereof; (ix) any present or future issues concerning subdivision or non-subdivision of the Property; or (x) the compliance or non-

compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property. Each bidder shall be deemed to have agreed and acknowledged that no such representations have been made. The Debtor is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, made or furnished by the Debtor or any real estate broker agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Debtor. For the avoidance of doubt, neither the Debtor nor the Debtor's professionals are authorized to provide any such warranties, guaranties, promises, statements, representations or information.

As Is Sale: The Property is being sold free and clear of all liens, claims, and encumbrances, with any such liens, claims and encumbrances to attach to the net proceeds of sale after deduction of any expenses of sale. Furthermore, the Property is being sold "AS IS", "WHERE IS" "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and subject to, among other things, (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) environmental conditions, including, without limitation, the Property's compliance (or lack of compliance) with environmental laws and the presence or absence of underground fuel storage tanks, any hazardous materials or asbestos anywhere on the Property. By delivering their respective Qualifying Deposits, each bidder is deemed to have acknowledged that it has had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigations and inspections of the Property in making its bid. Neither the Debtor nor any of its representatives make any representations or warrantees with respect to the permissible uses of the Property, including but not limited to, the zoning of the Property. All bidders are deemed to have acknowledged that they have conducted their own due diligence in connection with the Property, and are not relying on any information provided by the Debtor or its professionals.

Deed: The Debtor, shall convey the Property by delivery of a bargain and sale deed without covenants against grantor's acts.

Broker: The Debtor shall be liable only for the payment of fees of any broker retained by the Debtor under Bankruptcy Court order.

Conduct of Sale: These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Property. By making a bid for the Property, all bidders will be required to acknowledge these Terms and Conditions of Sale and agree to be bound by them.

<u>Failure to Close</u>:  If the Debtor is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever or in the event that the Bankruptcy Court refuses to approve the sale of the Property pursuant to Section 363 of the Bankruptcy Code, the Debtor's only obligation will be to refund the Deposit, together with interest earned thereon, if any, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Debtor or its professionals.

<u>Breakup Fee</u>: None

<u>Credit Bidding</u>:  Notwithstanding anything to the contrary in these Bidding and Auction Procedures or in the Plan, the rights of Claimants to credit bid under Sections 363(k) and 1123 of the Bankruptcy Code are fully preserved.  If the First Mortgagee elects to credit bid for the Property, it shall be deemed a "qualified bidder" and shall not be required to provide any good faith deposit either prior to the auction as a condition to bidding, or after the auction should it be selected as "successful bidder."  To ensure Plan feasibility, any credit bid by a Claimant must include a cash component to cover the costs of sale, Senior Lien Claims, Administrative Claims, Priority Claims, and a $15,000 reserve fund for the costs of wrapping up the case.

<u>Bankruptcy Court Jurisdiction:</u>  The Bankruptcy Court shall determine any disputes concerning the Sale of the Property.  By participating in the Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtor's pending case.

15. Bankruptcy Code section 1123(b)(4) specifically provides for the sale of a debtor's property under a Chapter 11 Plan.

16. In addition, under Bankruptcy Code section 363(f), a debtor's property may be sold free and clear of any interest in such property of an entity other than the estate only if, among other things:  (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

17. Since Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five (5) requirements will suffice to permit the sale of the Property

"free and clear" of Liens and Interests. *See In re Dundee Equity Corp.*, 1992 WL 53743, at *12 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."); *Accord In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986); *In re Wolverine Radio Co.,* 930 F.2d 1132, 1147 fn.24 (6th Cir. 1991).

18. In this case, all lien and interest holders will be adequately protected, because their liens and/or interests will attach to the net proceeds of the Sale, subject to any claims and defenses with respect thereto.

19. Accordingly, the sale should be approved under Bankruptcy Code sections 1123(b)(5) and 363(f) pursuant to the Debtor's Chapter 11 Plan.

20. Notice of the Motion will be given to lien holders, all creditors and parties, if any, having filed a notice of appearance. The Debtor respectfully submits that such notice is sufficient, and request that this Court find that no further notice of the relief requested herein is required.

21. No prior request for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an order substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       January 24, 2023

                                    BACKENROTH FRANKEL & KRINSKY, LLP
                                    Attorneys for the Debtor

                      By:    s/Mark A. Frankel
                             800 Third Avenue
                             New York, New York 10022
                             (212) 593-1100

Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York 10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11
    307 Assets LLC,        Case no. 23-10027 (JPM)

                        Debtor.
---------------------------------------------------------x

**ORDER APPROVING DISCLOSURE STATEMENT AND SALE PROCEDURES, AND FIXING TIME FOR ACCEPTANCES OR REJECTIONS OF PLAN, COMBINED WITH NOTICE THEREOF**

       A Disclosure Statement ("Disclosure Statement") under chapter 11 of the Bankruptcy Code having been filed by 307 Assets LLC ("Debtor") on January 9, 2023, referring to the Plan of Reorganization filed by the Debtor on January 9, 2023 ("Plan"); and it having been determined after hearing on notice that the Disclosure Statement contains adequate information;

       IT IS ORDERED, and notice is hereby given that:

       A.     The Disclosure Statement is approved.

       B.     _____, 2023 at 5:00 p.m. is fixed as the last day for submitting written acceptances or rejections to the Plan referred to above, and ballots indicating acceptance or rejection of the Plan must be received by Backenroth Frankel & Krinsky, LLP, at its offices located at 800 Third Avenue, New York, New York 10022, on or before _____, 2023, at 5:00 p.m. Eastern Time, in order to be counted with regard to acceptance or rejection of the Plan.

       C.     Within 3 days after entry of this order, the Plan, the Disclosure Statement, and a ballot conforming to Official Form 14, shall be mailed to creditors, equity security holders

and other parties in interest, and shall be transmitted to the United States Trustee as provided in Fed. R. Bankr. P. 3017(d).

        D.    _____, 2023, at _____ \_\_\_.m., or as soon thereafter as counsel may heard, is fixed for the hearing on confirmation of the Plan (the "Hearing"), before the Honorable John P. Mastando III, One Bowling Green, New York, NY 10004, to be conducted telephonically through CourtSolutions LLC.

        E.    The Sale Procedures annexed to the Plan as Exhibit A be, and they hereby are, approved.

        F.    _____, 2023 is fixed as the last day for filing and serving written objections to the sale and to confirmation of the Plan pursuant to Fed. R. Bankr. p. 3020(b)(1), which objections must be filed, served and received by the Proponent's attorneys and the Clerk of Court, with a courtesy copy to the Honorable John P. Mastando III's chambers, One Bowling Green, New York, NY 10004.

        H.    This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated:    New York, New York
            March \_\_\_, 2023

                                            _____
                                           UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                             Chapter 11

    307 Assets LLC,                                     Case no.  23-10027 (JPM)

                     Debtor.
----------------------------------------------------------x

## **BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION**

        307 Assets LLC ("Debtor" or "Proponent") filed a plan of reorganization dated January ___, 2023 (the "Plan") for the Debtor in this case. The Court has approved the Proponent's Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from Mark Frankel, Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York, 10022, (212) 593-1100, mfrankel@bfklaw.com.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

        You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class ___ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

        If your ballot is not received by Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York, 10022 on or before _____, 2023 at 5:00 p.m. (EDT), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

        If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class____ claim against the Debtor in the unpaid amount of $_____

(Check one box only)
[ ] ACCEPTS THE PLAN   [ ] REJECTS THE PLAN

Dated: _____

Print or type name of Creditor: _____

Signature: _____

Title (if corporation or partnership) _____

Address:
_____
_____
_____
_____

**Return this ballot so as to be received on or before _____, 2023 at 5:00 p.m. (EDT) by email to mfrankel@bfklaw.com or to Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York 10022.**