UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                            Case No. 23-10027 (JPM)

307 ASSETS LLC,

                                            Chapter 11

                         Debtor.
-------------------------------------------------------------x

### ORDER GRANTING SEI INSIEME, LLC'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE PRODUCTION OF DOCUMENTS BY AND EXAMINATIONS OF WITNESSES

Upon the motion, dated May 24, 2023 ("**Motion**") of Sei Insieme, LLC (the "**Movant**") pursuant to Fed. R. Bankr. P. 2004 for an order authorizing Movant to issue subpoenas for the examination of and production of documents by David Goldwasser, Vladisla Tsirkin, George Filopoulos, and William Schneider (collectively "**Witnesses**"), as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Referral to Bankruptcy Judges of the United States District Court for the Southern District of New York; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no additional notice of the Motion being required except as set forth herein; and 307 Assets, LLC (the "Debtor") having filed opposition to the Motion and the Court having held a hearing on June 15, 2023 at 11:00 a.m. at which the Debtor, Movant and counsel for the remaining Witnesses appeared; and after due deliberation, and the Court having determined that the Motion establishes good and sufficient cause for the relief granted herein; now, therefor,

1

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Movant is authorized pursuant to Fed. R. Bankr. P. 2004(c) to serve a subpoena on each of Witnesses and the Debtor compelling (a) their production of documents (including electronically stored information) in their respective possession, custody or control as described in Schedules I, to the Motion and (b) their attendance at an examination, under oath on the topics described in the Motion (each, a "**Subpoena**").

3. 7 business days after service of a Subpoena on Witnesses, with copy of this Order and the Motion unless already served under paragraph 10 hereof, Witnesses shall comply with the document requests attached as **Schedule I** hereto (the "**Requests**") by producing all documents (including electronically stored information) in his possession, custody, or control that are called for in the Witnesses Requests, to counsel for Movant: H. Bruce Bronson, Esq., Bronson Law Offices, P.C., 480 Mamaroneck Avenue, Harrison, New York 10528, subject to the assertion by the Witnesses of any responses, objections or privileges in response to the Requests.

4. Witnesses shall appear at the time and date on their respective Subpoena, or such later date as the parties shall agree, provided that such date is no later than 7 days after such service, Witnesses shall appear for an examination under oath by counsel for Movant and in accordance with Fed. R. Bankr. P. 2004 at such time and location as may be designated in writing by counsel to Movant; provided, that such examination may be conducted remotely by such medium as Zoom.

5. This Order is without prejudice to the assertion of any responses, objections or applicable privilege; provided, that if a document otherwise required to be produced hereby is withheld on the basis of an asserted privilege, the party asserting such privilege shall provide a proper privilege log at the time and place for production hereunder.

6. Movant's rights are reserved to request additional examinations or documents under Fed. R. Bankr. P. 2004 based on any information that may be revealed by the discovery obtained pursuant to this Order or otherwise.

7. Within one business day after the entry of this Order, Movant shall serve a copy of this Order and the Motion upon (i) Witnesses, (ii) counsel for the Debtor, (iii) the United States Trustee and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.

8. This Court retains jurisdiction to resolve all matters arising under or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

Dated: New York, New York
       June 29, 2023

/s/John P. Mastando III
HON. JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re:                                                                        Case No: 20-22146 (RDD)

   307 Assets LLC,                                                    Chapter 7

Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

**To:**    David Goldwasser
**307 6th Avenue**
**New York, NY 10014**

[X]    YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, to be conducted by H. Bruce Bronson, Esq., counsel for Sei Insieme, LLC, to be recorded by a stenographic reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Via Zoom**<br>Bronson Law Offices, PC<br>480 Mamaroneck Ave.<br>Harrision, NY 10528<br>Telephone: (914) 269-2530 | July 17, 2023<br>At 12:00 P.M. |

**[X]**    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the Offices of H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528 place specified above on or before July 10, 2023 at 5:00 P.M.

**See Annexed Schedule 1.**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy Cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE<br>H. Bruce Bronson, Esq.,<br>Counsel for Sei Insieme LLC | DATE<br>June 23, 2023 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

1

H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528, 914-269-2530

UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re:                                                                                          Case No: 20-22146 (RDD)

   307 Assets LLC,                                                                Chapter 7

        Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

**To:** William Schneider
150 Broadway, Suite 900
New York, NY 10038

[X]   YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, to be conducted by H. Bruce Bronson, Esq., counsel for Sei Insieme, LLC, to be recorded by a stenographic reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Via Zoom**<br>Bronson Law Offices, PC<br>480 Mamaroneck Ave.<br>Harrison, NY 10528<br>Telephone: (914) 269-2530 | July 17, 2023<br>At 10:00 A.M. |

**[X]**   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the Offices of H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528 place specified above on or before July 10, 2023 at 5:00 P.M.

**See Annexed Schedule 1.**

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy Cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE<br>H. Bruce Bronson, Esq.,<br>Counsel for Sei Insieme LLC | DATE<br>June 23, 2023 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528, 914-269-2530

UNITED STATES BANKRUPTCY COURT
Southern District of New York

| In re: | Case No: 20-22146 (RDD) |
|---|---|
| 307 Assets LLC, | Chapter 7 |
| Debtor | |

**SUBPOENA FOR RULE 2004 EXAMINATION**

**To:** Vladislav Tsirkin
**150 Broadway, Suite 900**
**New York, NY 10038**

[X]  YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, to be conducted by H. Bruce Bronson, Esq., counsel for Sei Insieme, LLC, to be recorded by a stenographic reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Via Zoom**<br>Bronson Law Offices, PC<br>480 Mamaroneck Ave.<br>Harrision, NY 10528<br>Telephone: (914) 269-2530 | July 17, 2023<br>At 2:00 P.M. |

**[X]**  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the Offices of H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528 place specified above on or before June 5, 2023 at 5:00 P.M.

**See Annexed Schedule 1.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy Cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE<br>H. Bruce Bronson, Esq.,<br>Counsel for Sei Insieme LLC | DATE<br>June 23, 2023 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528, 914-269-2530

UNITED STATES BANKRUPTCY COURT
Southern District of New York

| | |
|---|---|
| In re: | Case No: 20-22146 (RDD) |
| 307 Assets LLC, | Chapter 7 |
| Debtor | |

**SUBPOENA FOR RULE 2004 EXAMINATION**

**To:    George Filopoulos**
**c/o Metrovest Equities**
**444 Madison Ave, Suite 802**
**New York, NY 10022**

[X]    YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, to be conducted by H. Bruce Bronson, Esq., counsel for Sei Insieme, LLC, to be recorded by a stenographic reporter.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Via Zoom** <br> Bronson Law Offices, PC <br> 480 Mamaroneck Ave. <br> Harrison, NY 10528 <br> Telephone: (914) 269-2530 | July 17, 2023 <br> At 4:00 P.M. |

**[X]**    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the Offices of H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528 place specified above on or before June 10, 2023 at 5:00 P.M.

**See Annexed Schedule 1.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy Cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE <br> H. Bruce Bronson, Esq., <br> Counsel for Sei Insieme LLC | DATE <br> June 23, 2023 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

H. Bruce Bronson, Esq., 480 Mamaroneck Ave, Harrison NY 10528, 914-269-2530

# SCHEDULE I

# (Witnesses Requests)

# REQUESTED DOCUMENTS
## TO WITNESSES

### INSTRUCTIONS

In responding to this request, the following instructions apply:

1. You must produce all documents within your possession, custody, or control.

2. Electronically stored data, including but not limited to e-mail, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3. Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4. You must produce the original documents unless you are willing to stipulate the authenticity of any copies produced and further stipulate that said copies can be used for any purpose, including at trial, as and in place of said originals.

5. If you represent that you are unable to comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry in an effort to comply with this demand.

6. Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

7. To the extent that any requested documents are withheld from inspection and copying: (a) because the document is no longer in your possession, custody or control; or (b) based upon a claim of privilege, you are required to provide, upon the completion of the production of non-privileged documents, a list (the "Withheld Document List") setting forth as to each such withheld document the following information to the extent known:

   i. the title, date and type of document (e.g., memorandum, report, chart, etc.);

   ii. its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

   iii. the name of each author, writer and/or sender of the document;

   iv. the name of each recipient, addressee, or other party to whom the document or a copy was sent or directed;

   v. the specific request(s) to which the document is responsive; and vi. to the extent the document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the document was most recently in your possession, custody or control, (B) the disposition of the document and (C) the identity of any person who has possession, custody or control of the document;1 or vii. to the extent the document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for nonproduction.

   8. If a portion of an otherwise responsive document contains information subject to a claim of privilege pursuant to paragraph 8(b) above, those portions of the document subject to the claim of privilege may be redacted from the document, but the instructions in the preceding paragraph 8 shall be applicable, and the rest of the document shall be produced.

   9. Any redaction on privilege grounds shall be accompanied by a description of the privileged information redacted sufficient to allow for a meaningful motion to compel if necessary.

**DEFINITIONS**

In accordance with Local Rule 7026-1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions included in the annexed Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of the annexed Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that are also applicable to this case and govern this Request for Production of Documents and the Interrogatories below:

1. **"Debtor"** as used herein refers to 307 Assets LLC.

2. **"Movant"** as used herein refers to Sei Insieme, LLC.

3. **"Proof of Claim"** as used herein means the claim identified in Official Form 410, Claim No. 1 of 307-309 Sixth Avenue LLC filed in the Debtor's Bankruptcy Case.

4. **"Entities"** as used herein means and refers to all the parties to the sale of the Property and the financing of the sale including the assignment of the mortgage and the foreclosure including but not limited to the Debtor its owner and members and the following entities: 307-309 Sixth Avenue LLC, 307-309 Sixth Owner LLC, Schneider Law Group, PLLCMetrovest Equities Inc., Backenroth Frankel & Krinsky, LLP, FIA Capital Partners, LLC, Crief 135 LLC and Emilio Holdings LLC.

5. **"Witnesses"** as used herein means the individuals David Goldwasser, Vladisla Tsirkin, George Filopoulos, and William Schneider, the defined Entities and any entity of which they are affiliated with, acting on behalf of, their spouse and/or or any Person related by blood to Witnesses or any entity that Witnesses were employed by, managed, controlled or held an ownership interest.

6. **"Mortgage"** as used herein means and refers to the first mortgage originally from Crief 135 LLC to the Debtor for the purchase of the Property and any and all transfers,

assignments, schedules, exhibits, addendums, additions and amendments thereto.

7. **"Property"** as used herein means and refers to 307-309 Sixth Avenue, New York, New York 10022.

8. **"307-309"** as used herein means the mortgage holder, 307-309 Sixth Avenue LLC the entity and any individuals which are employed by it, in control of it, manage it or have any ownership interest in it.

**LIMITED DOCUMENT REQUESTS TO ALL WITNESSES**

1. All documents and communications concerning the basis(es) for the Proof of Claim.

2. All documents and all communications concerning the value of the Property including but not limited to any appraisals and inspections.

3. All documents other than the purchase documents with Movant, concerning the acquisition of the Property by the Debtor, including but not limited to all mortgages affecting the property with Crief 135 LLC, all checks given for the purchase of the Property and all other documents and checks executed and/or exchanged in connection with the closing.

4. All documents concerning any payments made by the Debtor or any transfer, sale, pledge, alienation, or other disposition of assets or liabilities of the Debtor to 307-309 Sixth Assets, LLC, or any Witnesses or Entities.

5. All documents concerning the negotiations and transfer or assignment of the Mortgage on the Property from Crief 135 LLC to 307-309 Sixth Avenue LLC, including, but not limited to, the entire closing binder, with copies of any terms and any contract of sale, any releases, warranties or other related documents executed in connection with the assignment or transfer, all checks given for the purchase of the Mortgage and all other documents and checks executed and/or exchanged in connection with the Mortgage.

6. All bank records and tax returns of 307-309 for the last three years.

7. All documents reflecting or evidencing the current balance owed on the Mortgage or other liens encumbering the Property.

8. All documents concerning the forgiveness of any indebtedness, liability or other financial obligation owed by Debtor including but not limited to any guaranty of such a liability

to Entities, Witnesses or any individual.

9. To the extent not captured by the prior requests all documents and communications concerning the release of guaranties of the Mortgage to George Filoupolos or any Witnesses, Entities or individuals.

10. All documents and communications concerning 307-309 Sixth Owner LLC's purchase of the Debtor or an interest in the Debtor from Emilio Holdings LLC.

11. All documents and communication concerning any sale of the Debtor's membership interests.

12. All documents and all communications concerning 307-309 Sixth Owner LLC's corporate structure and ownership including but not limited to any connections 307-309 Sixth Owner LLC has to 307-309.

13. All documents and communications concerning 307-309 Sixth Owner LLC's relationship with 307-309 including but not limited to how they came to be a friendly party to 307-309 as stated in the Debtor's disclosure statement.

14. All documents and communications concerning any plans for improvements to the Property.

15. All documents and communications concerning the filing of permits with respect to the Property including but not limited to the document attached to the application for this examination and any amendments thereto.

16. All documents and communications concerning the Debtor's default on the mortgage of 307-309.

17. All documents and communications regarding the foreclosure by 307-309 including but not limited to any notice of the foreclosure action.

18. All communications or documents related to the decision by George Filoupolos not

to oppose the foreclosure action including but not limited to any advice of counsel sought or consulted with respect to this matter as well as the Debtor's decision to file for bankruptcy.

19. All bank records and tax returns of the Debtor for the last six years.

20. All documents and communications with respect to the payment of Debtor's bankruptcy counsel including but not limited to copies of checks for payments and copies of the retainer agreement.

21. Any and all agreements, communications and documents related to compensation and payments to or from David Goldwasser and or FIA Capital Partners, LLC related to the Debtor's case from any source.

22. All documents and information provided to David Goldwasser and or FIA Capital Partners, LLC related to the Debtor's case including but not limited to documents that David Goldwasser sent to 307-309 or received.

23. All documents and communications relating to payments including copies of any checks made by 307-309, 307-309 Sixth Owner LLC or any of the Entities to the Debtor or on behalf of the Debtor.