UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                                    Chapter 11

    307 Assets LLC                                                  Case No. 23-10027 (JPM)

                       Debtor.
----------------------------------------------------------x

# ORDER CONFIRMING CHAPER 11 PLAN[1]

       307 Assets LLC (the "Proponent" or the "Debtor") having proposed its Plan of Reorganization (the "Plan") dated March 30, 2023 [Dkt. No. 33]; and the Disclosure Statement approved in connection with the Plan having been transmitted to creditors and equity security holders, and upon the Declaration in Support of Plan Confirmation of David Goldwasser executed on August 1, 2023, and upon the hearing held before this Court on August 3, 2023 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that the sale of the Debtor's property located at 307-309 Sixth Avenue, New York, New York 10022 (the "Property") to 307-309 Holdings LLC (the "Purchaser"), as designee of 307-309 Sixth Avenue LLC (the "Mortgagee"), under the Plan is an arms-length transaction, non-collusive, fair and reasonable, and conducted openly and in good faith in accordance, and is in the best interests of the Debtor, its estate and Creditors, (b) that the Purchaser, as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law, (c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), and (d) that the requirements for confirmation of the Plan

---

[1] All terms not defined herein shall have the same meaning as in the Plan.

set forth in 11 U.S.C. § 1129(a) have been satisfied at the Confirmation Hearing, and (e) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is hereby

ORDERED, that pursuant to sections 1129 and 1141 of the Bankruptcy Code, the Plan be, and hereby is, confirmed; and it is further

ORDERED, that in furtherance of the Plan, the Debtor is directed to sell, transfer and convey the Property to the Purchaser as set forth in the Plan and subject to the Contract of Sale dated as of August 1, 2023, a copy of which is attached to the Declaration in Support of Plan Confirmation [Dkt. No. 64] as Exhibit "B," the terms of which are incorporated herein by reference (the "Contract"), free and clear of all liens, encumbrances and interests, with all such liens claims and encumbrances and interests to attach to the proceeds of sale, for the purchase price of $13,500,000 provided, however, that the Mortgagee shall have the right, but not the obligation, to provide for an assignment of part or all of its mortgage and an assumption thereof by the Purchaser in connection with the sale of the Property under the Plan; and it is further

ORDERED, that the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provision of law; and it is further

ORDERED, that on the Effective Date, the Debtor be, and hereby is, directed to execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close the sale of the Property to the Purchaser as set forth in the Contract and/or the Plan, turnover to the Purchaser the Property, and all books, records, files, and other documents relating to the Property; and it is further

ORDERED, the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and/or this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that the New York County Clerk is hereby authorized and directed to record the Deed to be issued to the Purchaser pursuant to the Plan and all other documents as so executed; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, that the delivery of the Deed to be issued to the Purchaser pursuant to the Plan shall be made in implementation of the Plan, and qualify for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of said Deed shall not be subject to payment of any transfer tax, stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that within fifteen (15) days of entry of this Order, (a) the Mortgagee be, and hereby is, directed to deposit into escrow with the Disbursing Agent all monies necessary to fund the distributions to Creditors provided for under the Plan, including adequate reserves for payment of ongoing statutory fees through the entry of a final decree closing the chapter 11 case, or until the chapter 11 case is converted or dismissed, whichever occurs earlier; and (b) the Disbursing Agent be, and hereby is, directed to make all distributions provided for under the Plan to Creditors now holding allowed claims and shall make any subsequent distributions to Creditors within five (5) days of the entry of an order allowing claims; and it is further

ORDERED, the Debtor, its respective equity holders, directors, officers, employees, attorneys, financial advisors, investment bankers and other professionals have acted in good faith in connection with the Plan, this Chapter 11 Case, and the formulation and consummation of the Plan, and accordingly, has satisfied Section 1125(e) of the Bankruptcy Code; and it is further

ORDERED, that except as otherwise expressly provided in the Plan, or any other Order of this Court, all persons or entities who have held, hold or may hold Claims against or Interests in the Debtor, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Proponent and/or the Debtor's assets and/or properties with respect to such Claim or Interest (other than actions brought to enforce any rights or obligations under the Plan):

    a) commencing or continuing in any manner any action or other proceeding of any kind,

    b) enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order,

      c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any encumbrance of any kind,

      d) asserting any right of setoff, subrogation or recoupment of any kind, or

      e) pursuing any Claim released pursuant to the Plan;

and it is further

      ORDERED, that except as otherwise provided in the Plan, such injunction shall extend to any successors of the Debtor, and their respective properties and interests in properties. Additionally, upon the entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates are hereby enjoined (from taking any actions other than by or in connection with an appeal of this Confirmation Order) to interfere with the implementation or consummation of the Plan. Unless otherwise provided in the Plan, this Confirmation Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Confirmation Order shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay; provided, however, that on the Effective Date, the stay shall be replaced to the extent provided in this Confirmation Order, with an injunction set forth in the Plan and/or Sections 524 and 1141 of the Bankruptcy Code; and it is further

      ORDERED, that unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims (except for Professional Fee Claims) must be filed and served on counsel for the Debtor and Proponent by no later than thirty days after this Order is entered (the "Administrative Claims Bar Date") and the Proponent shall serve a notice of Administrative

Claims Bar Date on all parties in interest substantially in the form annexed hereto. Any Person that is required to file and serve a request for payment of an Administrative Claim and fails to timely file and serve such request shall be forever barred, estopped, and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. Objections to requests for payment of Administrative Claims (except for Professional Fee Claims and Administrative Claims incurred in the ordinary course of the Debtor's business) must be filed and served on counsel for the Debtor, Proponent, and the party requesting payment of an Administrative Claim within thirty (30) days of the date such request for payment has been filed; and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).

Dated:    New York, New York
         August 21, 2023

/s/John P. Mastando III
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     307 Assets LLC | Case No.  23-10027 (JPM) |
| Debtor. | |

------------------------------------------------------------x

**Notice Of Deadline Requiring Filing Of Administrative Proofs Of Claim On Or Before September 21, 2023**

**To All Persons And Entities With Administrative Claims Against 307 Assets LLC**

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **September 21, 2023 at 5:00 p.m. Eastern Time** (the "Administrative Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against the debtor listed above (the "Debtor").

The Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose after January 9, 2023, the date on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Administrative Claims Bar Date filing requirement.

1. WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to share in any potential distribution from the Debtor's bankruptcy as a holder of an Administrative Claim, if your Administrative Claim is not one of the types of claim described in Section 4 below. Claims for administrative expenses are specifically described in sections 503 and 507 of the Bankruptcy Code. Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estates, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy cases; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain professionals or officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holders, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or (v) compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Period must be filed on or prior to the Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Period.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such

breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. WHAT TO FILE

Proof of claim forms may be obtained at www.uscourts.gov/bkforms. All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant and must conform substantially to Form No. 10 of the Official Bankruptcy Forms. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Claimants may also file a proof of their assertion of an Administrative Claim on the electronic docket of the Debtor's bankruptcy case in the customary form for notice of such Administrative Claim, but no later than the Administrative Claims Bar Date, such professional must file an application for payment that complies with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and the Fee Guidelines promulgated by the United States Trustee by the Administrative Claims Bar Date together with a notice hearing on such application.

3. WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of Administrative Claim must be filed so as to be received on or before **September 21, 2023 at 5:00 p.m. Eastern Time** at the following address: Clerk of Court, United States Bankruptcy Court, One Bowling Green, New York, NY 10004, or entered electronically on the Court's electronic docket for the Debtor's case. Attorneys (with full access) and employees of institutional creditors (with limited access accounts) should

file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, One Bowling Green, New York, NY 10004.

Proofs of Administrative Claim will be deemed filed only when received by the Bankruptcy Court or entered on the Court's electronic docket for the Debtor's case on or before the Administrative Claims Bar Date. Proofs of Administrative Claims may not be delivered by facsimile, telecopy or electronic mail transmission.

4. WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of Administrative Claim; against the Debtor in the form and manner set forth in this notice;

(b) A holder of an Administrative Claim that has previously been allowed by order of the Court;

(c) A holder of an Administrative Claim that has been paid in full by the Debtor; or

(d) A holder of an Administrative Claim for which a specific deadline has previously been fixed by this Court.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid Administrative Claim against the Debtor. The fact that you have received this Notice does not mean that you have

a claim or that the Trustee, the Debtor or the Court believes that you have an Administrative Claim against the Debtor.

Any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Administrative Claims Bar Date Order, must file a proof of such Administrative Claim based on such rejection on or before the Administrative Claims Bar Date, and any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Administrative Claims Bar Date Order, must file a proof of such Administrative Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

Holders of equity security interests in the Debtor need not file proof of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts an Administrative Claim against the Debtor (including a Chapter 11 Claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such Administrative Claim must be filed on or prior to the Administrative Claims Bar Date pursuant to the procedures set forth herein.

5. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE ADMINISTRATIVE CLAIMS BAR DATE

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE PROOF OF CLAIM

IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS ESTATE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated: New York, New York
August 21, 2023

Backenroth Frankel & Krinsky, LLP,
800 Third Avenue
New York, New York 10022
(212) 593-1100
Attn: Mark Frankel